UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY PETROSKY<br>    Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| | ) | |
| | ) | |
| | ) | TRIAL BY JURY |
| v. | ) | DEMANDED |
| | ) | |
| AMERICAN ADJUSTMENT BUREAU, INC. | ) | |
|     Defendant | ) | |
| | ) | FEBRUARY 23, 2011 |

## COMPLAINT

1. This is a suit brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and includes a pendent claim brought under State law for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

2. Plaintiff, Nancy Petrosky, is a natural person residing in Torrington, Connecticut and is a consumer as defined by the FDCPA 15 U.S.C. § 1692a(3).

3. The defendant, American Adjustment Bureau, Inc. ("AAB"), is a Domestic Corporation that is licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1367, and 1337.

5. This Court has jurisdiction over AAB because it engages in debt collection within Connecticut.

6.  Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

7.  In January 2011, AAB began contacting Plaintiff regarding a debt associated with an account that Plaintiff was not liable for and which had been opened up in Plaintiff's name by way of identity theft.

8.  Around that same time, AAB called Plaintiff's home and left messages in an attempt to collect the aforementioned debt; those messages failed to state that it was a communication from a debt collector.

9.  On or around January 19, 2011, Plaintiff answered one of AAB's calls and spoke with an AAB representative, and during that conversation, Plaintiff explained that it was not her debt and that the debt must have resulted from someone stealing her identity, and the AAB representative replied by stating to Plaintiff that she was liable for the debt regardless, and that AAB would continue to call Plaintiff unless she filed a fraud report.

10. AAB continued to call Plaintiff in attempt to collect the debt, and Plaintiff spoke with an AAB representative on three separate occasions, and on each occasion Plaintiff explained that it was not her debt and the representative would respond by telling Plaintiff that she was liable for the debt because her name was on the account.

11. AAB continued to call Plaintiff's home and attempt to collect the debt from Plaintiff, and AAB's conduct caused Plaintiff to suffer emotional distress.

12. Plaintiff never received any letters from AAB regarding the debt.

13. AAB violated the FDCPA and CUTPA.

WHEREFORE, the Plaintiff seeks recovery of actual damages pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

**PLAINTIFF, NANCY PETROSKY**

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
Matthew W. Graeber, Fed Bar No. ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax (860) 571-7457